

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLERWILSON~~
ATTORNEY GENERAL

Honorable T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

Opinion Number O-4774
Re: Signing of time warrants where
County Judge has resigned and
successor has been appointed.

We have received your letter of August, 17, 1942,
which we quote in part as follows:

"On March 9, 1942 the Commissioners' Court
of Hill County, Texas, authorized the issuance
and sale of $10,000.00 in time warrants in de-
nominations of $1,000.00 each for the purpose
of acquiring rights of way for state highways
and paying for damages done in connection there-
with. The order directed the signing of such
warrants by the County Judge and provided that
the signature of the County Judge might be litho-
graphed on the interest coupons. Thereafter the
time warrants were printed and a blank space left
for the signature of the County Judge but the
County Judge's signature was lithographed on the
interest coupons.

"At the time the above order was passed, as
well as at the time the time warrants were printed,
the County Judge of Hill County was Jack Cowley
and the signature of Jack Cowley was lithographed
on the coupons. Since such time Jack Cowley has
entered the Navy, has resigned as County Judge and
his wife, Mrs. Jack Cowley, has been appointed to
fill his unexpired term. These time warrants are
now ready for delivery to a local bank in exchange
for script warrants originally issued to claimants
for right of way and damages, which script warrants
have been acquired by such bank.

"(1) Under the above facts, would these time
warrants be legally executed by the signing of the
same by Mrs. Jack Cowley, the present County Judge,

and her writing the prefix 'Mrs.' in front of the signature 'Jack Cowley' as it appears lithographed on the coupons?

"(2)  If the above method of execution of time warrants is not legal, what would be a proper procedure for the execution of the same?"

Neither the question of the legality of the warrant issue nor that of the resignation of the County Judge and the appointment of his successor is before us; we, therefore, express no opinion thereon.  For the purpose of this opinion both the warrant issue and the appointment of Mrs. Cowley to fill her husband's unexpired term are assumed to be legal in every respect.

We believe that the present County Judge may sign the warrants in her own name (Mrs. Jack Cowley) and leave unaltered the lithographed signature of her predecessor (Jack Cowley) on the coupons.

Article 716, Vernon's Annotated Civil Statutes, reads as follows:

"No bonds or coupons legally and lawfully issued and signed by the duly authorized officers of any county, city, town, political subdivision, defined district, water improvement district or water control district or any school district of this State, shall ever be held invalid by reason of the fact that at the time of the actual delivery of such bonds to a purchaser, such bonds or coupons had been signed or executed by different officers acting in the same capacity or when such bonds or coupons had been signed or executed by officers who had succeeded other officers who had executed or signed a part of said bonds or coupons, nor shall any such bonds ever be held invalid by reason of the fact that at the time of the actual delivery of such bonds to the purchaser, the respective persons who had signed such bonds or coupons, or any part thereof, may have been replaced in their respective offices by other persons after the signing of such bonds or coupons or any part thereof and before the delivery thereof, and any officer acting in the same official capacity as his predecessor, shall have the same right to complete the execution of such bonds and their issuance in the manner and form as provided by law and to the same extent as did his predecessor and it shall be lawful for the official board or managing

body of any such political subdivision or district
to select in the manner provided by law another
official or person in whom may be vested the author-
ity and duty of the execution of such bonds and/or
coupons and of issuing such bonds and completing
the record in respect thereto, provided, however,
such action or actions shall be set forth in the
records of said subdivision or district. (Acts 2nd
C.S. 1923, p. 60, as amended Acts 1929, 41st Leg.,
3rd C.S., p. 237, ch. 6, Sec. 1.)"

This article gives an officer acting in the same capac-
ity as his predecessor the authority to complete the execution
and issuance of bonds; he may sign those bonds or coupons which
his predecessor failed to sign.

This article speaks only of "bonds", but we believe
that it applies with equal force to time warrants. The same
reasons for the passage of this article with respect to bonds
are present with respect to time warrants. This view is
strengthened by Article 716a, Vernon's Annotated Civil Stat-
utes, which validates certain municipal bond issues. Section
2 (b) of said article provides in part as follows:

"The term 'bonds' includes bonds, notes, war-
rants, debentures, certificates of indebtedness,
*****."

However, irrespective of Article 716, we believe that
the conclusion which we have announced above is correct. The
warrant order provided for the signing of the warrants by
the County Judge and further provided that his signature
might be lithographed on the coupons. At the time the bonds
were printed, Jack Cowley was County Judge. Therefore, his
signature was the proper one to be lithographed on the cou-
pon. He did not sign the warrants under consideration.
These warrants are now ready for issuance, and Mrs. Jack
Cowley is now County Judge. It follows that under the war-
rant order, Mrs. Jack Cowley is the proper person to sign
the warrants.

You are respectfully advised that where, under a
valid order, bonds or warrants have been printed and the sig-
nature of the County Judge has been lithographed on the inter-
est coupons, and the County Judge resigns without having
signed some of the warrants, the person appointed to fill his
unexpired term may sign such warrants as County Judge in his
own name and leave unaltered the lithographed signature of
his predecessor appearing on the interest coupons. The prop-
er procedure in such a situation would be to place in the bond

or warrant transcript certified copies of the proceedings relating to the resignation of the County Judge and the appointment of his successor.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/George W. Sparks
George W. Sparks
Assistant

GWS-s-wc


APPROVED AUG 25, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman